UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO
SOUTHERN DISTRICT [PONCE]

| | |
|---|---|
| In re:<br>IRMA A. RODRIGUEZ COSSIO<br><br>*Debtor*<br><br>NOREEN WISCOVITCH RENTAS<br>Chapter 7 Trustee, Plaintiff<br><br>v.<br><br>IRMA A. RODRIGUEZ COSSIO<br>Debtor-Defendant | Case No. 16-05295 EAG<br>Chapter 7<br><br>ADV Proc. #18-00050<br><br>*Avoidance of Post-Petition Transaction §549*<br>*Revocation of Discharge Injunction §727(d)* |

ANSWER TO COMPLAINT

Now Comes Debtor ("Debtor"), by new legal representation, L.A. Morales & Associates P.S.C. and Lyssette Morales Vidal, and requests as follows:

### I. JURISDICTION & VENUE

1. First ¶ of the Complaint is ADMITTED.

2. Second ¶ of the Complaint is ADMISTTED.

3. Third ¶ of the Complaint is ADMITTED.

4. Fourth ¶ of the Complaint is ADMITTED.

### II. PARTIES

5. Fifth ¶ of the Complaint is ADMITTED.

6. Sixth ¶ of the Complaint is DENIED as to resident at Urb Paraiso de Mayaguez, having moved since Summer of 2016 due to impending foreclosure.

### III. FACTS

7. Seventh ¶ of the Complaint is ADMITTED.

8. Eighth ¶ of the Complaint is ADMITTED.

9. Ninth ¶ of the Complaint is ADMITTED.

10. Tenth ¶ of the Complaint is ADMITTED.

11. Eleventh ¶ of the Complaint is ADMITTED.

12. Twelfth ¶ of the Complaint is ADMITTED.

13. Thirteenth ¶ is ADMITTED in part and DENIED in part. Trustee's failure to timely object debtor's exemptions technically excluded this property from the bankruptcy estate and the Trustee's administration on **September 5, 2017**. Despite Trustee's argument that Hurricane Irma that passed through Puerto Rico on **September 7, 2017** excused her from timely filing and/or extended the bar date to object exemptions to **November 2, 2017.**

14. Fourteenth ¶ of the Complaint is ADMITTED.

15. Fifteenth ¶ of the Complaint is unknown at this time and therefore DENIED until verification of Trustee's accounting is made, although it is ADMITTED that debtor withdrew funds from the Superior Court of Mayaguez until she was instructed to cease withdrawing the funds which have supported her for the last 10 years, with her ever increasing medical conditions that do not allow her to fully exploit her business and more so due to a serious family situation since late 2015.

16. Sixteenth ¶ of the Complaint is ADMITTED.

17. Seventeenth ¶ of the Complaint is DENIED in part and ADMITTED in part. Refer to answer at ¶13.

18. Eighteenth ¶ of the Complaint is ADMITTED in part and DENIED in part. Debtor did not know or did not understand any right superior to her's over these funds, since she was not advised or noticed to cease withdrawals which she has used as support for 10 years. She did not receive any written notice or Order or otherwise a clear instruction or indication from the Trustee and/or her prior counsel that she could not use these funds until she effectively ceased withdrawing the funds under the belief that she had a right to the same.

19. Nineteenth ¶ of the Complaint is ADMITTED.

20. Twentieth ¶ of the Complaint is DENIED. Debtor denies she was put on notice or was she noticed with an Order to deliver or surrender any funds until she effectively ceased withdrawing the funds under the belief that she had a right to the same.

21. Twenty-first ¶ of the Complaint is DENIED. Refer to answers to ¶13, 17, 18, 20.

22. Twenty-second ¶ of the Complaint is DENIED. This ¶ is vague, unspecific and imprecise and do not meet minimum pleading standards under either *Twombly* or *Iqbal,* nor requirements of pleading fraud.

### IV.  FIRST CAUSE OF ACTION

23. Twenty-third ¶ defendant debtor re-alleges and repeats her allegation in response thereto.

24. Twenty-fourth ¶ of the Complaint is ADMITTED and it is clarified that at such time as the entry of the discharge in this case, Plaintiff knew or should have known the facts on which she now bases her Complaint in order to timely object the discharge, which Trustee did not do, despite 2 long extensions requested and granted to object the discharge until August 22, 2017.

25. Twenty-fifth ¶ of the Complaint is DENIED. Allegations are vague and imprecise and do not meet minimum pleading standards under either *Twombly* or *Iqbal,* nor requirements of pleading fraud.

26. Twenty-sixth ¶ of the Complaint is DENIED. Trustee failed to timely object the exemption and under both Fed. R. Bankr. P. 4004(b)(1) and *Taylor v. Freeland & Kronz* her right to such objection should be considered forfeited.

27. Twenty-seventh ¶ of the Complaint is DENIED. The allegations of fraudulent conduct is imprecise and do not meet minimum pleading standards under either *Twombly* or *Iqbal.*

28. Twenty-eighth ¶ of the Complaint is DENIED. Trustee has acted in untimely manner and her delay to object to the discharge and/or to timely object exemptions negates any allegation of misconduct of the defendant.

### V.  SECOND CAUSE OF ACTION

29. Twenty-ninth ¶ defendant-debtor hereby affirmatively states her answers for the same ¶¶5 to 28.

30. Thirtieth ¶ of the Complaint is DENIED. Refer to ¶25, 26, 27,

31. Thirty-first ¶ of the Complaint is DENIED. Refer to answer at ¶26. Trustee's untimeliness should forfeit her right to the funds and/or to object to the discharge or revoke her discharge.

32. Thirty-second ¶ of the Complaint is DENIED. Neither did the Court or anyone issue an order prohibiting the withdrawal. Trustee's lack of diligence in sequestering these funds either by Order or letter to the state Court Clerk and/or to the debtor resulted in debtor unknowingly continuing to withdrawing the funds for her support as she did for 10 years. Refer to answers at ¶¶ 18, 19, 20, 21, 22, 25, 26, 27, 30 and 31. Defendant was not put on notice either by the Court, by the Trustee or by her prior counsel that she could not continue withdrawing or using these funds as she had done for her support during 10 years until she effectively ceased withdrawing any further funds. Debtor's action resulted from her belief, as represented to her by her prior counsel, that these funds were exempted and protected.

33. Thirty-third ¶ of the Complaint is ADMITTED in part and DENIED in part.

34. Thirty-fourth ¶ of the Complaint is DENIED. Had Trustee acted in a timely manner these would not have been subject to avoidance.

35. Thirty-fifth ¶ of the Complaint is DENIED since it is the Court which will decide this conclusion of law.

36. Thirty-sixth ¶ of the Complaint does not require defendant to admit or to deny the prayer of the Plaintiff to the Court but it is DENIED that the elements of provisions in law on which the Complaint rests have not been met in part or in whole and should be dismissed.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief may be granted and/or to comply with minimum pleading standards under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) have not been met.

2. The Complaint as it regards §727 allegations is time barred as it is in substitution of a timely complaint to object to the discharge of debts by unduly recurring to use of a complaint to revoke the discharge duly entered on **November 9, 2017,** instead of filing an objection to discharge within the almost 6 months extensions granted to the Trustee.

3. Plaintiff requested and obtained, without objection from the defendant, while represented by prior counsel, two 90-day extensions to file a §727 Complaint and the deadline granted by this Court was not met by Trustee on or before **August 22, 2017**. The Complaint is technically in substitution of the timely filing of an objection to the discharge. There are no new elements or facts or conduct in this Complaint to allow Trustee to circumvent the time constraints and strict time limitations of an objection to discharge.

4. Rules 4004(a) and Rule 9006(b)(3) require diligence from the Trustee by requiring strict deadlines in Rules 4004(a) and 4007(c) which may be enlarged only to the extent and under the conditions stated in those rules.

5. Plaintiff's non-use of §727(d)(1) as grounds for her Complaint appears an attempt to circumvent the requirement that the "requesting party did not know of such fraud until after the granting of such discharge."

6. The Complaint alleges that the debtor "knowingly and fraudulently" failed to report or deliver or surrender property of the estate to the trustee, likewise denied by defendant, during the 13 months following the Order of relief in this case and well within the time allotted by the Court to the Trustee to object to the discharge in this case.

7. The Complaint does not plead diligence by Plaintiff in accordance with filing an objection to the discharge under §727 and/or to put debtor on notice that she could not receive and use the funds at issue in a timely manner.

8. Trustee pretends to substitute her omissions or lack of diligence by the filing of the Complaint to revoke discharge, as a 'second bite at the apple' by Plaintiff and in an avoidance of post-petition transfer of real property [sic] of funds received and used for defendant's support during 13.8 months after the filing of her bankruptcy.

9. The Complaint fails to plead fraud with particularity as required by Fed. R. Bankr. P. 7009.

10. Plaintiff had knowledge of debtor's alleged 'knowingly and fraudulently' conduct, denied by defendant, far in advance of the entry of discharge and prior to or during the two extensions of time to file an Objection to Discharge. Trustee failed to diligently and formally put debtor on notice of her purported fraudulent conduct in order to avoid defendant's mistake and inadvertence. Of the 6 withdrawals of funds by defendant alleged in the Complaint, 4 of these were well within the time extensions of time granted to the Trustee to object to the discharge extended to August 22, 2017 from the original bar date of February 27, 2017.

11. The elements necessary to object to discharge and/or to revoke the discharge are not present, nor have these been alleged with particularity and are nevertheless denied.

12. The "*Avoidance of Post-Petition Transfer of Real Property* [sic]" action under §549 is untimely as to 3 or 4 of the transfers [11/15/2016, 2/6/2017, 4/11/2017 & 5/16/2017], having been made outside of the time limitations under §549(f)(1) of "one year after . . . of the transfer on account of which recovery . . . is sought. . .."

13. The defendant's purported 'knowingly and fraudulently' failure to report or deliver or surrender such property to the Trustee spreads over 13.8 months or 1.1 years and 8 days, time in which the Plaintiff did not act to mitigate the withdrawal of the funds and use and transfer in payment of debtor's much needed support during the same period of time.

14. Plaintiff has not met her burden of proof by a preponderance of the evidence.

15. Defendant did not "knowingly" or "fraudulently" fail to report entitlement or to deliver or surrender such property, as such requirements under §727(d)(2) are not met. Refer to Schedule I at doc #14 and #15 and at doc #50 and #51 and Schedule A/B and C at doc #16.

16. Debtor is insolvent and was never put on notice either by the Trustee or her prior counsel that she did not have a right to the funds she received and used for her support for 10 years from her ex-spouse. Prior to her receipt and use of these funds for her support, defendant ignored, was not put on notice, or advised, or explained in any manner that these were not her legitimate property until she effectively ceased withdrawing the funds. The delay and lack of diligence by the Trustee aggravated the fact that debtor has no resources with which to re-pay the funds which were used for purchase of goods for her support, rent, utilities etc transferred to third parties and received by these third parties in good faith and without knowledge these were in fact property of the estate. Refer to Schedule I in conjunction with Schedule J both at docs #14, #15 and #50 & #51.

17. Defendant duly scheduled these funds as her ongoing income in her Schedule I and used for her ongoing expenses in Schedule J since the initial filing of the instant bankruptcy case. Upon being advised that she could no longer receive or use these funds, debtor defendant ceased withdrawing the funds.

18. Defendant clearly described the funds at issue and claimed these exempt in her Schedule C and in the Statement of Financial Affairs filed in this case at docket #14 and #15 and did not disguise the nature of the funds, nor did she conceal the nature of the funds that are an account receivable from her ex-spouse and indicated with precision the state court civil case that granted her the right to receive these. Thus, Plaintiff Trustee was put on notice and was aware of the income at Schedule I and the use of these funds at Schedule J and failed to act to avoid the withdrawal of the funds by Defendant debtor during the extended time of 13.8 months or 1.1 years of withdrawals and use of the funds at issue.

19. Defendant has not "committed an act specified in subsection (a)(6)" and none has been alleged by Plaintiff in her Complaint, thus, the Complaint unduly supports its claim under §727(d)(3).

20. The Complaint is merely a §549 avoidance/turnover action and could have been requested informally directly to the debtor through her prior counsel by written letter. Debtor knows of no formal letter, or notice from the Trustee to her prior counsel, and she has not received such instruction or Order from the Trustee or the Court. Debtor is insolvent and anticipates that she cannot pay or procure these funds even if the Court so orders the turnover, despite her desire to comply with any ruling of this Court.

21. Plaintiff was untimely in her objection to exemption of the funds at issue and as such the funds were excluded from the bankruptcy estate since **September 5, 2017** which is the date 30 days after the conclusion of the §341 Meeting of Creditors, which in this case was on **August 4, 2017** at virtual doc #60, notwithstanding, Trustee's untimely but unopposed *Objection to Claim* at docs #63 and the Order granting the Objection at #69.

22. The Complaint is untimely, as it is in substitution of the filing of a timely Objection to Discharge. Any costs or expense or attorney fees incurred in this Complaint have been auto-inflicted by Trustee on herself in not timely recurring to an objection to discharge, and/or use of direct correspondence with debtor through her prior counsel, requesting the turnover of the funds she received without notice that she could not receive and use, or a simple motion for turnover of funds in case that this debtor refused payment or recognition of the nature of the funds that allegedly do not belong to her but to the bankruptcy estate.

23. The elements of the alleged wrongdoing by debtor, although denied by debtor, were in existence and present since the initial filing of this case and the delay and omission in not filing a timely complaint objecting to the discharge is inexcusable and is tantamount to using the back door to challenge a debtor's discharge unreasonably past the complaint deadline that in this case was extended from **February 27, 2017** to **August 22, 2017** for a total of 176 days to the 60 days allowed under the Code from the first §341 Meeting of Creditors, or 236 days were allowed to act on the same issues Plaintiff has acted in the filing of the instant Complaint 488 days [16.2 months] after the original bar date provided under the Code. Refer to docs #44, #45, #53 and #54 related to extensions requested by Trustee and granted by this Court to object to discharge.

24. The allegations are not of sufficient specificity to warrant any objection or revocation of discharge, nor to warrant any determination of fraud in any context.

25. Trustee has failed to promptly or in timely manner file an objection to the discharge of this debtor. The law sets a tight frame for discharge objections and deadlines cannot be ignored or excused and mean what they say. *Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992), despite Hurricane Irma on **September 7, 2017** and the bar date to object expired **September 5, 2017.**.

26. Equitable considerations for Trustee's failure to act on the alleged fraudulent transfer or use of the funds at issue are of a compelling nature, and these are simply not available in the case at bar. The delay in properly and diligently filing a §727 complaint is solely attributable to Plaintiff.

27. This case presents no exceptional circumstances that could justify deviating from the general rules of inflexibility and time limitations herein.

28. There has been no action by debtor to provoke the delay in filing a complaint objecting to the discharge herein and which can excuse or justify Plaintiff's delay in objecting and now requesting revocation of what she should have raised in a timely manner, notwithstanding Plaintiff's non-use of §727(d)(1).

29. Under the facts and circumstances and allegations in this case what may be involved at most is a possible turnover action under §542 and/or §544 but a trustee's time limitations on avoiding powers has also expired under §546(a)(1)(A) or (B).

30. The position of the Trustee is not substantially justified and fees are requested.

WHEREFORE, debtor through new counsel respectfully answers the Complaint and prays that the Complaint be dismissed and her discharge maintained and fees and costs be awarded.

I HEREBY CERTIFY, that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Filing System which will send a notification, upon information and belief, of such filing to the Chapter 7 Trustee and Plaintiff herein and to all subscribed users.

RESPECTFULLY SUBMITTED,

In Caguas, Puerto Rico, this 15th day of February 2019.

s/ *L.A. Morales*
LYSSETTE A. MORALES VIDAL
USDC PR #120011
L. A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA
76 AQUAMARINA
CAGUAS, PUERTO RICO 00725-1908
TEL 787-746-2434 / 258-2658
FAX 855-298-2515
Email lamoraleslawoffice@gmail.com